Filed 12/22/20  P. v. Parker CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CALVIN LEON PARKER ,<br><br>    Defendant and Appellant. | A158365<br><br>(Contra Costa County Superior Court Case No. 29966) |

In 1985, a jury convicted defendant Calvin Leon Parker of second degree murder in connection with the death of R.M.H., a 17-month old child in his care. We affirmed that conviction in *People v. Parker* (December 30, 1986, A031657) (nonpub. opn.).  In our earlier opinion, we noted that a braided electrical cord was found in a search of defendant's bedroom pursuant to a warrant, and that a criminologist testified at trial that the child's multiple traumatic injuries were caused by the braided electrical cord or some similar object.

On May 2, 2019, defendant filed a form petition pursuant to Penal Code[1] section 1170.95, alleging that he had been convicted of murder pursuant to the felony murder rule or natural and probable consequences

---

[1] Undesignated statutory references are to the Penal Code.

1

doctrine. After appointing counsel and reviewing the parties' briefing, the trial court denied defendant's petition, finding that defendant had failed to establish that he could not now be convicted of second degree murder as the crime is now defined under sections 188 and 189. Relying on the undisputed record of defendant's conviction, including our earlier opinion, the court reasoned that defendant was the sole participant alleged to have been involved in the child's death, and the jury was not instructed on either the felony murder theory of liability or the natural and probable consequences doctrine.

Defendant's counsel filed an opening brief asking that this court conduct an independent review of the record for arguable issues—i.e., those that are not frivolous, as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel also informed defendant that he had the right to file a supplemental brief on his own behalf, but defendant declined to do so. Although the brief correctly recognizes that some of the issues raised by this appeal are currently pending before our Supreme Court, we agree with the resolution of those issues in *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137–1138, review granted March 18, 2020, S260598, and *People v. Verdugo* (2020) 44 Cal.App.5th 320, 333, review granted March 18, 2020, S260493. Accordingly, we agree with defendant's counsel that there are no meritorious issues and affirm the judgment.

## I. BACKGROUND

In an information filed on January 29, 1985, defendant was the sole defendant charged with murder (§ 187), felony child abuse (§ 273, subd. (a)(1)), and felony corporal injury to a child (§ 273d) in connection with the death of R.M.H., a 17-month old child. The jury was instructed on, e.g., the elements of murder committed with malice aforethought, the definition of

malice aforethought (express and implied), deliberate and premeditated first degree murder, second degree murder, and involuntary manslaughter. The jury was not instructed on murder liability under the felony murder theory, nor was it instructed on the natural and probable consequences doctrine as it relates to aiding and abetting liability for murder.

The jury convicted defendant of second degree murder, and he was sentenced to 15 years to life. We affirmed the conviction, noting that the trial court record revealed the following pertinent facts: defendant's mother brought R.M.H. to the hospital; defendant's mother and another individual told police that R.M.H. was the child of defendant's girlfriend; the child was wearing a bloodstained diaper at the hospital and a bloodstained diaper was seen in plain view in the home defendant shared with his mother; police searched defendant's bedroom pursuant to a search warrant and found a braided electrical cord; the cord was introduced into evidence at trial; and a criminologist testified that the child's multiple traumatic injuries were caused by the cord or some similar object.

On May 2, 2019, defendant filed a form petition pursuant to section 1170.95, checking a box stating that he was convicted of murder under a theory of felony murder or under the natural and probable consequences doctrine. He also sought appointment of counsel.

On May 13, 2019, the trial court appointed the Contra Costa Public Defender to represent defendant. After reviewing the briefs filed by both the Deputy Public Defender and the prosecutor, the trial court denied defendant's petition. The court noted that the jury was not instructed on either a theory of felony murder or on the natural and probable consequences doctrine and explained: "The reason [defendant] does not qualify to have his conviction vacated is plain and simple. Given that the jury was not asked to consider

[defendant's] liability based on the conduct of another person, there was no possibility that its finding that a second degree murder was committed reflected [] a determination that [defendant] was guilty based upon his having assisted someone else's commission or attempted commission of a target crime that led to the child's death." The court further concluded it was "certain" that defendant was convicted of second degree murder based on express or implied malice as those terms are still defined in sections 188 and 189, and that defendant had therefore failed to demonstrate a prima facie case that he was entitled to relief under section 1170.95.

## II. DISCUSSION

Defendant's counsel filed a *Wende* brief, requesting that we independently review the record to determine whether it contains any arguable issues for appeal. We are not required to undertake an independent review of the summary denial of a section 1170.95 resentencing petition under *Wende*, but nothing prohibits us from exercising our discretion to do so. (*People v. Flores* (2020) 54 Cal.App.5th 266.) We have chosen to conduct a discretionary *Wende* review in this case. Our review of the charging documents, jury instructions, verdict form, our prior opinion, pleadings filed by defendant's counsel in the trial court, and the trial court's order establishes that there are no meritorious issues to be argued.

In setting forth "possibly arguable, but unmeritorious issues" raised by this appeal, defendant's counsel notes that our Supreme Court has granted review on the issue of whether a court deciding a section 1170.95 petition may rely on the facts set forth in a prior appellate opinion in assessing whether the petitioner has made a prima facie case for relief. He further questions whether the case should be remanded to provide defendant an opportunity to file an amended petition "because the widely circulated form

4

petition encourage[s] inmates to assume it was only necessary for a pro se petition to recite the eligibility criteria in order to trigger the appointment of counsel and the opportunity for adversarial briefing."

We agree with defendant's counsel that these issues lack merit. Unless and until the California Supreme Court decides otherwise, we agree with *Lewis, supra,* 43 Cal.App.5th at pages 1137–1138 and *Verdugo, supra,* 44 Cal.App.5th at page 333, that a trial court may properly rely on an appellate opinion in assessing whether the "record of conviction" demonstrates that a petitioner has failed to make a prima facie showing of entitlement to relief. We also reject as misguided defendant's suggestion that he should be afforded the opportunity to file an amended petition; the trial court did not reject his petition based on any alleged inadequacies in the form, and defendant's appointed counsel in the trial court filed a brief in support of defendant's petition after seeking and obtaining a one-month continuance because he needed additional time to review the record and facts in the case.

Having examined the record to ensure that defendant receives effective appellate review, we find no basis to reverse the dismissal of his petition. (*Wende, supra,* 25 Cal.3d 436.)

### III.    DISPOSITION

The judgment is affirmed.

BROWN, J.


WE CONCUR:

POLLAK, P. J.

STREETER, J.

5